UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA SUCHINI-RASBOT,

       Plaintiff,

v.                             CASE No. 8:11-CV-2153-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

_____

## O R D E R

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[*] Because the decision of the Commissioner of Social Security is supported by substantial evidence and the plaintiff has not shown any reversible error, the decision will be affirmed.

## I.

The plaintiff, who was thirty-eight years old at the time of the administrative hearing and who has a tenth grade education, has worked

---

[*] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 11).

primarily as a clerk.  She filed claims for Social Security disability benefits and supplemental security income payments, alleging she became disabled due to vertigo, depression, and nerves (Tr. 150).  Her claims were denied initially and upon reconsideration.

At her request, the plaintiff then received a de novo hearing before an administrative law judge.  The law judge found that the plaintiff had severe impairments of vertigo, history of sinusitis and headaches (Tr. 15). She found further that the plaintiff's depression was a non-severe impairment (Tr. 16). The law judge concluded that the plaintiff's impairments permitted the plaintiff to perform work at all exertional levels, but with nonexertional limitations of "occasional climbing of stairs and ramps; occasional kneeling; never climbing ladders, ropes or scaffolds; should avoid concentrated exposure to vibrations; [and] should avoid even moderate exposure to hazards" (Tr. 17).  In light of testimony from a vocational expert, the law judge determined that, despite the plaintiff's limitations, the plaintiff could perform past work as a mail clerk (Tr. 20).  Accordingly, the law judge decided that the plaintiff was not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

A. In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months."   42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."   42 U.S.C. 423(d)(3), 1382c(a)(3)(D).  The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence.  42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305

U.S. 197, 229 (1938).  Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.  Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.  However, the court, in its review, must satisfy itself that the proper

legal standards were applied and legal requirements were met. <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. <u>See</u> 20 C.F.R. 404.1520, 416.920. The initial question is whether the plaintiff is engaged in substantial gainful activity because, if so, the plaintiff will be found not disabled. 20 C.F.R. 404.1520(b), 416.920(b). If not, the next inquiry (step two) is whether a claimant has a severe impairment. 20 C.F.R. 404.1520(c), 416.920(c). An impairment is not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. 404.1521(a), 416.921(a). If there is not a severe impairment, then a claimant is deemed to be not disabled. 20 C.F.R. 404.1520(c), 416.920(c).

When an impairment is severe, but does not meet, or equal, a listing in Appendix 1 (step three), a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 404.1520(f), 416.920(f). If a claimant cannot do such work, an additional determination (step five) is made concerning whether the claimant can perform other work which exists in significant numbers in the national

economy. 20 C.F.R. 404.1520(g), 416.920(g). In such cases, the regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled.

III.

The plaintiff's sole challenge to the law judge's decision is that the law judge erred in concluding that the plaintiff's mental impairments were non-severe. This contention is meritless.

The regulations define a non-severe impairment as one that "does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. 404.1521(a). The court of appeals has stated that "an impairment can be considered as 'not severe' only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). The law judge expressly acknowledged this standard in her decision (Tr. 14).

Contrary to the plaintiff's assertion (Doc. 25, p. 9), the law judge did find that the plaintiff had a "medically determinable mental impairment of depression" (Tr. 16). The law judge appropriately evaluated that impairment and concluded that it was non-severe. In doing so, the law judge recognized, and applied, the proper standards for a non-severe impairment (Tr. 14).

In this respect, the law judge made findings regarding the four broad functional areas used in considering mental disorders. Thus, the law judge found that the plaintiff had only a mild limitation in activities of daily living; a mild limitation in social functioning; a mild limitation in concentration, persistence, or pace; and no episodes of decompensation of extended duration (Tr. 16-17). The regulations state that such findings generally result in the conclusion that a mental impairment is not severe. 20 C.F.R. 404.1520a(d)(1), 416.920a(d)(1). The plaintiff does not even acknowledge those findings, much less attempt to challenge them.

"[A] diagnosis or a mere showing of 'a deviation from purely medical standards of bodily perfection or normality' is insufficient; instead, the claimant must show the effect of the impairment on her ability to work."

Wind v. Barnhart, 133 Fed. Appx. 684, 690 (11ᵗʰ Cir. 2005) (quoting McCruter v. Bowen, 791 F.2d 1544, 1547 (11ᵗʰ Cir. 1986)).  In other words, it is the functional limitations that determine disability.  Moore v. Barnhart, 405 F.3d 1208, 1213 n. 6 (11ᵗʰ Cir. 2005); McCruter v. Bowen, supra. Consequently, the plaintiff's failure to show that she had any limitations in the four broad functional areas greater than mild is enough to defeat her claim that she had a severe mental impairment.

In all events, the law judge's conclusion that the plaintiff did not have a severe impairment is supported by substantial evidence.  There is no information in the record indicating that the plaintiff was ever treated by a psychiatrist or a psychologist for a mental impairment.  Accordingly, the Social Security Administration sent the plaintiff to see Dr. Peter M. Bursten, a psychologist, for a consultative examination (Tr. 428), and the law judge fully discussed Dr. Bursten's report in his decision.  While Dr. Bursten had a diagnostic impression of Depressive Disorder and Panic Disorder – by self reports – there is nothing in that report that indicates a severe mental impairment (Tr. 428-30).  Moreover, Dr. Bursten stated (Tr. 430):

> Ms. Rasbot appeared to overemphasize and amplify her mental health problems during the exam. Consequently, this client was administered the Reys Memorization test. This test can be used to assess the presence/absence of malingering or "faking bad." On the Reys Memorization test, Ms. Rasbot's performance clearly reflected a propensity for malingering.   As such, it is difficult to determine the extent of the client's reported mental health symptomatology.

Accordingly, Dr. Bursten's report does not support the plaintiff's claim of a severe mental impairment. And as previously noted, there is no support for such a claim from a treating psychiatrist or psychologist.

Furthermore, there is evidence from two nonexamining reviewing psychologists who have opined that the plaintiff's mental impairments are not severe. Thus, Dr. Michael Stevens, a psychologist, completed a Psychiatric Review Technique form in which he concluded that the plaintiff's impairments were not severe (Tr. 431).   In reaching his conclusion, Dr. Stevens had the benefit of the report from Dr. Bursten (Tr. 443). Notably, Dr. Stevens, like the law judge, concluded that the plaintiff had only mild limitations in the areas of activities of daily living, social

functioning, and concentration, persistence or pace, and no episodes of decompensation (Tr. 441).

Another psychologist, Dr. Martha Putney, also opined on a Psychiatric Review Technique form that the plaintiff's impairments were not severe (Tr. 359), although she did not have the benefit of Dr. Bursten's report. She thought that the plaintiff had mild limitations of social functioning and concentration, persistence or pace, and no limitations in activities of daily living, as well as no episodes of decompensation (Tr. 369).

Having no evidence from a professional mental health provider to support her claim of a severe mental impairment, the plaintiff asserts three weak and unpersuasive contentions (Doc. 25, p. 6). The only assertion that is even remotely arguable concerns an assessment by an ARNP. The plaintiff saw her on February 18, 2009. The ARNP assessed an impairment of Major Depression, Single Episode, and Global Assessment of Functioning (GAF) of 50 (Tr. 419). The GAF scale "[c]onsider[s] psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." Diagnostic and Statistical Manual of Mental Disorders, (DSM-IV-TR) (4th ed., Text Revision), p. 34. A rating of 41-50 reflects "[s]erious

symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)" (id.).

The plaintiff's attempt to rely upon the GAF score lacks merit for several reasons. In the first place, the Commissioner has declined to endorse the use of GAF scores in disability determinations. Wind v. Barnhart, supra, 133 Fed. Appx. at 692 n. 5.

Moreover, a single GAF score does not provide solid evidence of a severe mental impairment. See DeBoard v. Commissioner of Social Security, 211 Fed. Appx. 411, 415 (6th Cir. 2006). As the Commissioner points out, the plaintiff must demonstrate that the impairment is severe for twelve consecutive months. Consequently, a GAF assessment on one day does not show that whatever impairment might be reflected by that score would last for twelve months. Notably, in this case, the plaintiff was seen for a second time by the ARNP on March 5, 2009, without any further GAF assessment being made. Also, another note from that visit stated "Will see in 2 wks." There is no evidence that the plaintiff ever returned.

In addition, the GAF score was rendered by an ARNP. Under the regulations, an ARNP is not an acceptable medical source. 20 C.F.R. 404.1513(a), 416.913(a). Accordingly, an ARNP's opinion is not entitled to the same weight as afforded the opinion of a treating psychiatrist or psychologist. Cf. Falge v. Apfel, 150 F.3d 1320, 1324 (11th Cir. 1998). Moreover, in this case, the ARNP assessed the plaintiff's GAF on her first visit, so that the ARNP did not have the longitudinal view that is important in weighing the opinion of even an acceptable treating source. 20 C.F.R. 404.1527(c)(2), 416.927(c)(2). Notably, Dr. Stevens in his assessment pointed out that the ARNP was not an acceptable medical source, and the law judge repeated that comment in her decision.

For these reasons, the plaintiff cannot base her argument for a severe mental impairment on the one GAF score given by an ARNP.

The plaintiff also contends that the law judge in her decision misstated Dr. Bursten's opinion regarding malingering (Doc. 25, pp. 8-9). In fact, the law judge, when she summarized Dr. Bursten's report, correctly said that the plaintiff's performance on the test "clearly reflected a propensity for malingering" (Tr. 16; see Tr. 430). The law judge subsequently wrote that

-12-

"[t]he claimant's credibility is significantly undermined because she malingered during her mental status exam and has given inconsistent statements regarding her limitations" (Tr. 18). The plaintiff argues that saying that the plaintiff has "a propensity for malingering" is not the same as saying that the plaintiff malingered.

In the first place, this nuance does not rise to the level of reversible error. More significantly, the law judge could reasonably find, in light of the plaintiff's inconsistent statements regarding her limitations – a credibility issue that the plaintiff has not challenged – that, with the plaintiff's clear propensity for malingering, she actually did malinger. In other words, the plaintiff's lack of credibility coupled with a propensity to malinger reasonably support a finding of malingering.

Finally, the plaintiff contends that the decision considered evidence not in the current record (Doc. 25, pp. 6-7). This contention is based on the following comment by Dr. Stevens on the Psychiatric Review form: "Cl. has previous application and non severe PRTF 6/08" (Tr. 443). From this, the plaintiff suggests that Dr. Stevens may have based his opinion of a non-severe impairment on information not contained in the record, and

-13-

that the law judge similarly based her decision on information not in the record. This weak and strained contention – which the plaintiff made the first argument in her discussion (see Doc. 25, pp. 6-7) – reflects the overall lack of merit in the plaintiff's assertions.

There is no indication that Dr. Stevens based his opinion on information in a prior application. His comments on the form show otherwise (see Tr. 443).

In all events, there is nothing in the law judge's decision that suggests she relied upon any information that was not contained in the record. In particular, the law judge did not refer to Dr. Stevens's comment about a prior application.

In addition, the plaintiff's insinuation that she did not have an opportunity to view evidence regarding the prior evidence rings hollow. Plaintiff's counsel at the hearing stated that he had the opportunity to review the file (Tr. 29). Thus, he either saw, or should have seen, the comment by Dr. Stevens upon which this contention is based. Accordingly, the attorney could have inquired about the record of the prior application if he really wanted to see it, or he could have at least objected to the comment. His

-14-

failure to do so indicates that he did not view either the comment or the prior application as significant. The weakness of the current argument confirms that assessment.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE the case.

DONE and ORDERED at Tampa, Florida, this 30th day of November, 2012.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE